OPINION
The effect of the trial court's ruling was to order appellant to provide insurance coverage to appellees in a case where Miriam Sommer was sued as the driver at fault in an automobile accident. Miriam Sommer was acting as an employee of Todd Summer's business at the time of the accident. Todd Summer therefore sought coverage from appellant for any liability assessed against his employee, Miriam, in the tort case. Appellant denied coverage, based upon a restriction in the insurance policy. Appellees then filed the declaratory judgment action that is now on appeal.
Appellant has presented one assignment of error for consideration, that reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF HERITAGE BY RULING THE POLICY DEFINITION OF `YOU', AS MODIFIED BY A POLICY ENDORSEMENT, TO BE AMBIGUOUS UPON DENYING HERITAGE'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT."
This court has previously stated:
 "Interpretation of the language in an insurance contract is conducted under the general rules of contract construction and interpretation. * * * Further, interpretation of an insurance contract is a question of law. * * *
 "If a term of a contract is clear and unambiguous, a court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. * * * Thus, when the sections of an insurance policy are unambiguous, a court may not substitute a different meaning. * * * If, however, the provisions of an insurance contract are reasonably susceptible of more than one interpretation, the provisions must be strictly construed against the insurer. * * * Therefore, when an insurer inserts conflicting provisions in an insurance policy, the insurer will be bound by that provision that is most favorable to the insured. * * * In making the determination of whether language is ambiguous, courts must generally give words and phrases their plain, ordinary, natural or commonly accepted meaning. * * *" Hrynciw v. State Auto Ins. Co. (Mar. 31, 1998), Lucas App. No. L-97-1267, unreported (citations omitted).
Keeping these standards in mind, we now consider the contract language at issue in this case.
Under the section of the contract titled "BUSINESS AUTOCOVERAGE FORM", the following statement appears: "Throughout this policy the words `you' and `your' refer to the Named Insured shown in the Declarations." Under the declarations section of the contract, the named insured is Todd Sommer.
The policy also has an endorsement titled "INDIVIDUALNAMED INSURED". The opening line of the endorsement reads:
 "This endorsement modifies insurance provided under the following:
BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
TRUCKERS COVERAGE FORM"
Paragraph three of the endorsement provides:
"3. ADDITIONAL DEFINITIONS
"a. The following is added to the Definitions Section:
 "`Family member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
 "b. The words `you' and `your' include your spouse, if a resident of the same household, except for notice of cancellation."
Appellees argued in the trial court and argue in this court that the policy had two definitions for the words "you" and "your". Appellees contend that the statement found in paragraph 3(b) of the endorsement is meant to be added into the definitions section of the policy.
Appellant argues that paragraph 3(b) of the endorsement is not intended to be added to the definition section of the policy. Instead, it is meant to modify the original statement in the section of the contract titled "BUSINESS AUTO COVERAGE FORM" regarding the meaning of the words "you" and "yours". Appellant states that the modification clearly expands the meaning of the terms to include the spouse of the named insured. Therefore, appellant argues, there is no ambiguity regarding the meaning of the words "you" and "yours". Appellant states that when the modified meaning of you and yours is applied, appellees are not entitled to coverage for the accident because of the following provision from the policy:
 "NONOWNED AUTOS ONLY. Only those autos you lease, hire, rent or borrow. This does not include any auto you lease, hire, rent or borrow from any of your employees or partners or members of their households."
Todd Sommer is the named insured, and Miriam Sommer is his spouse. All parties agree that Miriam Sommer owned the vehicle she was driving at the time of the accident. Therefore, if the meaning of the word "you" includes the spouse of the named insured, appellant is correct that it owes no coverage to appellees for the accident.
We find, after careful review of the contract provisions, that the sections of this insurance policy are unambiguous. As appellants have argued, paragraph 3(b) of the endorsement clearly modifies the meaning of the words "you" and "your" in the preamble of the section of the contract titled "BUSINESS AUTO COVERAGE FORM". Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Erie County Court of Common Pleas is reversed. Pursuant to App.R. 12(B) we order that appellant is granted summary judgment because: (1) no ambiguity exists in the insurance contract; (2) no genuine issues of fact remain in dispute; and (3) when the facts are construed in a light most favorable to appellees, appellant is entitled to judgment as a matter of law. Appellees are ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.